IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2006 NOV -1 AM 8:08
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | |
|---|---|
| VICTOR CHAPARRO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. EP-06-CA-0159-DB |
| § | |
| ALAMO GENERAL CONTRACTORS, INC., § | |
| LAMPSON INTERNATIONAL, L.L.C., and § | |
| WESTERN SUMMIT, § | |
| § | |
| Defendants. § | |

## DEFENDANT LAMPSON INTERNATIONAL, L.L.C.'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant, LAMPSON INTERNATIONAL, L.L.C., (Lampson) in the above-entitled and numbered cause, and files this its First Amended Answer to Plaintiff's Original Petition and for such Answer would respectfully state the following:

### I.

### RESPONSE TO PLAINTIFF'S ALLEGATIONS

1.  The first sentence of Plaintiff's Original Petition is not applicable and does not require a response.

2.  Based on the pleadings on file with this Court, Defendant admits to the allegations found in Paragraph 2 of Plaintiff's Original Petition.

3.  Based on pleadings on file with this Court, Defendant admits the allegations found in Paragraph 3 of Plaintiff's Original Petition.

4. Defendant Lampson International, L.L.C. admits that it is a Washington corporation and denies all other allegations in Paragraph 4 of Plaintiff's Original Petition.

5. Defendant denies the allegations found in Paragraph 5 of Plaintiff's Original Petition.

6. Concerning the allegations found in Paragraph 6 of Plaintiff's Original Petition, Defendant admits sentences 1 and 2. Defendant also admits that Plaintiff sustained an on-the-job injury in the course of his scope of employment with Defendant Alamo when he was working with or handling a steel reinforcing bar. Defendant also admits that Defendant Alamo directed or permitted Plaintiff to handle materials, including a steel reinforcing bar. Defendant denies all other allegations not specifically admitted herein.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Original Petition.

8. Defendant denies the allegations found in Paragraph 8 of the Plaintiff's Original Petition.

9. Defendant denies the allegations found in Paragraph 9 of the Plaintiff's Original Petition.

10. Defendant denies the allegations found in Paragraph 10 of the Plaintiff's Original Petition.

11. Defendant denies the allegations found in Paragraph 11 of the Plaintiff's Original Petition.

12. Defendant denies the allegations found in Paragraph 12 of the Plaintiff's Original Petition.

13. Defendant denies the allegations found in Paragraph 13 of the Plaintiff's Original Petition.

14. Defendant denies the allegations found in Paragraph 14 of the Plaintiff's Original Petition.

15. Defendant denies the allegations found in Paragraph 15 of the Plaintiff's Original

Petition.

16. Defendant denies the allegations found in Paragraph 16 of the Plaintiff's Original Petition.

17. Defendant denies the allegations found in Paragraph 17 of the Plaintiff's Original Petition.

18. Defendant denies the allegations found in Paragraph 18 of the Plaintiff's Original Petition.

19. Defendant denies the allegations found in Paragraph 19 of the Plaintiff's Original Petition.

20. Defendant denies the allegations found in Paragraph 20 of the Plaintiff's Original Petition.

21. Concerning Paragraph 21, no response is necessary.

## II.

### AFFIRMATIVE DEFENSES

1. Plaintiff cannot state cause of action against the Defendant. Plaintiff was not an employee of this Defendant on the date of the incident. This Defendant did not direct or control, the means, details, manner or method of Plaintiff's work.

2. The Plaintiff's negligence caused or contributed to cause the occurrence or alleged injuries/damages claimed by Plaintiff.

3. The occurrence in question and Plaintiff's injuries/damages, if any, were caused by the negligence of Plaintiff's fellow employee. Defendant also alleges that the acts and omissions of certain non-parties to this lawsuit, over whom this Defendant has no control, were the sole proximate cause of the accident and any alleged injuries or damages

claimed by Plaintiff. Defendant contends that Plaintiff was originally hired by T & T Staff Leasing (or T & T Staff Management L. P.) which provided Plaintiff with training for the job site in question. Further, to the extent that Plaintiff has alleged a premise liability cause of action, Defendant contends that it was not the premises owner on the date of the occurrence. The premises owner is the El Paso Water Utilities Public Service Board, to which any premises condition is attributable, including responsibilities under Chapter 95, Texas Civil Practice and Remedies Code.

4. Plaintiff's injuries and damages, if any, were caused by pre-existing or subsequent conditions, illnesses, injuries or events, and thus, were not proximately caused by the accident in question.

5. Plaintiff, by various acts or omissions, failed to properly care for his alleged injuries or failed to act reasonably to mitigate his damages including his claim for lost wages by failing to act as a reasonably prudent person to return to work and/or seek employment.

6. The occurrence in question and Plaintiff's injuries or damages, if any, were solely and proximately caused by the acts or omissions of Plaintiff's employers on the date of the incident including Defendant Alamo and T & T Staff Leasing (or T & T Staff Management, L. P.). Such acts or omissions constitute negligence and a proximate cause of Plaintiff's injuries or damages, if any.

7. To the extent the Plaintiff was negligent and Plaintiff's negligence was the sole proximate cause or contributed to cause the accident and/or injuries in question, the Defendant hereby invokes the Doctrine of Comparative Fault under applicable law.

8. Defendant's asserts as a credit, offset or deduction any and all workers compensation benefits paid, pursuant to applicable law, including Chapter 95, Texas Civil Practice and

Remedies Code.

9. This Defendant asserts that no employee was present at the construction site in question, and therefore, does not have liability in this case.

10. Defendant asserts that Plaintiff's claim for punitive damages is without legal and factual basis. This claim violates Defendant's constitutional rights, including protection against excessive damages.

11. Defendant enters a general denial answer to the allegations as alleged and worded in Plaintiff's Original Petition, and places the matter in issue.

## III.

## CROSS CLAIM

1. Defendant asserts a Cross Claim against Defendant Alamo in response to Plaintiff's allegations against Defendants. Plaintiff has alleged that the negligent conduct of all Defendants was a proximate cause of the occurrence in question and any injuries/damages. This Defendant has filed its Answer denying liability for the incident in question. Defendant has denied that it was in any way negligent or that its alleged negligence was a proximate cause of the occurrence in question, and as a result thereof, denies that it is in any way obligated to the Plaintiff for any damages as a result of the occurrence in question.

2. In the event, however, that this Defendant should be liable in any respect to the Plaintiff, which liability it expressly denies, then Defendant alleges and would show that the incident in question, and the resulting damages, were proximately caused in whole or in part by the negligence of Defendant Alamo in failing to exercise such ordinary care as a reasonably prudent person would have exercised under the same or similar circumstances.

By virtue of such negligence on the part of Defendant Alamo, which proximately caused the incident in question, and the resulting injuries/damages, Defendant is entitled to indemnity, or in any event, contribution should it be held liable to the Plaintiff.

3. Defendant would further show that Defendant Western had a contract with Defendant Alamo, which contract expressly provides that Defendant shall defend and indemnify this Defendant in the event a suit is filed. Although demand has been made on Defendant Alamo to defend and indemnify this Defendant in this suit, Defendant Alamo has not done so as required by the contract.

4. Wherefore, Defendant prays that Defendant Alamo be required to appear and answer this Cross Claim, and that upon final trial of this cause, should Plaintiff be entitled to recover any damages from this Defendant, that in such event, Defendant have and recover judgment against Defendant Alamo for indemnity for such damages as Defendant may owe to Plaintiff, or in any event, for contribution in such amount to which Defendant may be justly entitled. Defendant further prays that it have and recover its costs and such other and further relief to which it may show itself entitled upon the trial of this cause.

**WHEREFORE, PREMISES CONSIDERED** Defendant prays that Plaintiff take nothing by virtue of his suit, that Defendant recover its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**RAY, VALDEZ, McCHRISTIAN & JEANS, P.C.**
A Professional Corporation
5822 Cromo Drive
El Paso, Texas 79912
(915) 832-7200
(915) 832-7333 Fax

By: _____
    Daniel H. Hernandez
    State Bar No. 09515685
    Jeff Ray
    State Bar No. 16604400

Date: October 31, 2006

**Attorneys for Defendant Lampson International, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a true and correct copy of the foregoing pleading was delivered by facsimile and mailed by regular mail to Attorney for Plaintiff, **Javier Espinoza, Scherr, Legate & Ehrlich, PLLC, 109 N. Oregon, 12th Floor, El Paso, Texas 79901**.

_____
Daniel H. Hernandez